Plum v. Smith.

---

JOSEPH S. PLUM, executor of the will of Joseph Plum, deceased,

*v.*

JOHN B. SMITH, administrator of the estate of Hannah Plum, deceased, Joseph S. Plum and Martha, his wife, George F. Plum and Emma Plum.

[Filed April 21st, 1898.]

A bill for the foreclosure of a mortgage alleged that complainant, as executor of his father, had been devised $2,000 in trust, the interest to be paid to testator's widow for life, and at her death (which had occurred) the principal to be divided among his children; that the $2,000 was invested in a mortgage; that subsequently the executor individually bought the land and assumed the mortgage, and that he had assigned his share in the trust fund to another. The cross-bill set up a judgment against him, obtained by his mother, because of failure to pay the interest to her before the assignment of

his share, and claimed that it was a prior lien thereon, and that all the interest of complainant in said fund represented by the mortgage was merged in his title by virtue of his deed to the land, which became subject to the lien of said judgment.—*Held*, that the question of merger was properly a part of the case, and hence not liable to be stricken from the cross-bill.

On motion to strike out parts of cross-bill.

*Mr. John A. Bullock*, for the motion.

*Mr. John T. Bird* and *Mr. John B. Huffman, contra.*

THE CHANCELLOR.

In the previous application to strike out parts of the answer and cross-bill, the first part of the present motion, to wit, to strike from the cross-bill that part of it which refers to the judgment recovered by Hannah Plum, was passed upon. No further order will be made in reference to it.

The defendant Joseph S. Plum now asks that the following parts of the answer to the amended bill be stricken out, to wit:

"And this defendant claims that the judgment of said Hannah Plum is a prior lien on Joseph S. Plum's share, part or interest in the said lands and premises to any interest which he, the said Joseph S. Plum, assigned to the said Oliver I. Blackwell aforesaid. * * * And further says that all the right, title and interest of the said Joseph S. Plum in the said mortgage became and was merged in his title by virtue of the said deed of conveyance in the said land, and became and was and is subject to the lien of the judgment of the said Hannah Plum, deceased."

In the first application to strike out, it appeared that the defendant Smith proceeded upon the theory that a portion of the $2,000 mortgage money would become the property of Joseph S. Plum, against whom his intestate had recovered a judgment, and that by his cross-bill he could secure that share of the $2,000 to be applied to the payment of the judgment, and at the same time urge that the interest on the $2,000, as between all the parties to the suit, under the will of Joseph Plum, deceased, should be first paid in full before any part of the principal moneys, so that in case there should be a deficiency in

Plum v. Smith.

the proceeds of the sale of the mortgaged premises to pay both principal and interest, the interest would be fully paid. It appeared to me that the effort to charge the judgment upon the interest of Joseph S. Plum in the mortgage money was a matter foreign to the object of the suit, and mixed with claims that the interest, within the intent of the will, was to be first paid, made the cross-bill multifarious, and I therefore struck it out, leaving the cross-bill to set out the will and urge that the claim that the interest was intended to be first paid. I also directed that the others interested. in the *corpus* of the money secured to be paid by the mortgage, as *cestuis que trustent* of the complainant, should be made parties defendant and brought into court, because, under the allegation that the complainant was insolvent, and under the claim for priority in payment of the interest, they seemed to be necessary parties. This determination led to the amendment of the bill. In that amendment, among other things, it was alleged that the interest of Joseph S. Plum in the estate of Joseph Plum had been assigned to Oliver I. Blackwell. The defendant Smith then answered the bill as amended, and met the allegation of the assignment to Blackwell with the parts of the answer now asked to be stricken out.

It is apparent, if his interest under the mortgage merged in his estate in fee in the mortgaged lands at the time the mortgaged premises were. conveyed to him, and he remained owner of the fee until the recovery of the judgment, that the judgment became a lien upon his whole equity of redemption, made up of both the estate conveyed to him by Bateman and the equitable estate under the mortgage which merged in it. It appears to me that the question of merger is properly in the case. Whether or not there was a merger can only be determined at the final hearing upon the proofs establishing intention and equities. The allegations now objected to charge merger in general terms. I think that they must stand.

The motion will be denied, with costs.